IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS A. RHODES,<br>GERALD A. BENDER and<br>EDWARD H. WOLFERD, JR.,<br>individually and on behalf of all<br>others similarly situated, | :<br>:<br>:<br>:<br>: Civil Action No. 09-cv-01302-CDJ |
| Plaintiffs, | :<br>: |
| v. | : JURY TRIAL DEMANDED |
| ROSEMARY DIAMOND, FRANCIS S.<br>HALLINAN, DANIEL G. SCHMIEG,<br>LAWRENCE T. PHELAN, JUDITH T.<br>ROMANO, FRANCIS FEDERMAN,<br>THOMAS M. FEDERMAN,<br>PHELAN HALLINAN & SCHMIEG, LLP,<br>and FEDERMAN & PHELAN, LLP, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs, by their undersigned attorneys, respectfully submit this memorandum in support of their Motion for Leave to File an Amended Complaint in the above captioned matter.

**BACKGROUND**

On March 25, 2009, Plaintiffs initiated this proposed class action on behalf of themselves and similarly situated homeowners who (1) were the subject of state court mortgage foreclosure proceedings prosecuted by Phelan, Hallinan & Schmeig, LLP ("PHS"); (2) filed for protection under Chapter 13 of the Bankruptcy Code and (3) were the subjects of false proof of claims filed in bankruptcy court by PHS, who systematically

failed to account for the return of sheriffs' deposits that were misappropriated or converted by PHS and/or its clients. In that connection, Plaintiffs alleged that PHS violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and Pennsylvania consumer protection laws.

On April 24, 2009, Defendants filed a motion to dismiss the complaint, among other grounds, on the theory that the United States Bankruptcy Code precludes this Court from adjudicating Plaintiffs' cause of action under the FDCPA. On May 8, 2009, Plaintiffs filed a memorandum of law in opposition to Defendants' motion. Pursuant to an order them granting them leave to do so, Defendants filed a reply brief in further support of their motion on May 13, 2009. The Court has not yet decided the motion.

In the time since briefing closed on Defendants' motion, plaintiffs' factual and legal investigation has continued and intensified, resulting in the significantly expanded allegations set forth in the proposed Amended Complaint, attached here as Exhibit 1.

In the proposed Amended Complaint, plaintiffs allege that Defendants' scheme to misappropriate sheriffs' deposit refunds affected homeowners who averted sheriffs' sales by loans modifications and distress sales, as well as those who sought protection in bankruptcy court. Plaintiffs' investigation also revealed that mortgage servicer clients Wells Fargo and Countrywide worked in concert with PHS in systematic schemes to inflate or fabricate foreclosure costs other than misappropriated sheriffs' deposits, including attorneys' fees; real estate title and litigation support costs generated through inside transactions with affiliated companies owned and controlled by the principals of PHS; property inspection and valuation fees; and duplicative costs for "services" already included in other charges.

Plaintiffs' investigation also discovered that PHS systematically brought foreclosure lawsuits against homeowners (including at least one of the original plaintiffs and an aggrieved New Jersey resident who now seeks to join this lawsuit as plaintiff) on behalf of entities that had no legal standing to bring those lawsuits and which never authorized PHS to act on their behalf. PHS's contrived "attorney-client" relationships continued throughout its prosecution of foreclosure actions in state courts and, in many instances, through federal bankruptcy proceedings as well.

The details of these fraudulent schemes are documented exhaustively in the proposed Amended Complaint. Given the abundance and highly incriminating nature of the new facts that have come to light since last May, Plaintiffs have commensurately expanded their legal causes of action, which now arise under (1) the Racketeer Influenced and Corruption Act, 18 U.S.C. §1962(c); (2) the FDCPA, 15 U.S.C. §§ 1692(e)(2)(A) and (B), 1692f(1), and 1692(g)(2); (3) of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201 *et seq*. and (4) common law remedies for fraud, breach of contract, breach of good faith and fair dealing, money had and received, and negligent misrepresentation.

The nature of the relief sought in the proposed Amended Complaint has also broadened significantly. Because the egregious facts uncovered during Plaintiffs' investigation demonstrate that damages alone are insufficient to deter Defendants' institutionalized misconduct, Plaintiffs seek specific injunctive relief, including appointment of an auditor or special master to (1) ascertain the amount of money wrongfully taken by Defendants from Plaintiffs and members of the Classes; (2) recommend specific business management and accounting procedures that Defendants

must adopt and implement to avoid future repetition of the wrongful conduct documented throughout this Complaint; and (3) monitor Defendants' compliance with any business management or accounting procedure that may be ordered by the Court in granting injunctive relief in this action.

## ARGUMENT

In the timeless words of the United States Supreme Court:

> Rule 15(a) declares that leave to amend "shall be freely given when justice requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations omitted).

None of the factors mentioned by the Supreme Court in *Foman* exist here. Formal discovery in this litigation has not yet begun. Far from being "dilatory," as the extreme specificity of the proposed Amended Complaint attests, Plaintiffs have been tireless in their pursuit of facts and law underlying Defendants' schemes to defraud financially distressed homeowners. Having merely filed a motion to dismiss and done nothing else in this litigation, PHS is in no way prejudiced by allowance of the proposed amendment, which is likewise in no way an exercise in "futility."

Although there is a legion of case law demonstrating why leave to amend should be given by the Court in this litigation, the proposed Amended Complaint speaks lucidly

4

for itself. Should the Court believe that it requires further elucidation of the applicable case law interpreting Rule 15(a), Plaintiffs will be pleased to provide it.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for leave to file the proposed Amended Complaint.

Dated: January 15, 2010                    Respectfully submitted,

**BURKE HESS & NARKIN**

By: *John G. Narkin*
John G. Narkin
3000 Atrium Way, Suite 234
Mount Laurel, New Jersey 08054
Telephone: (856) 222-2913
Facsimile: (856) 222-2912

-and-

**BURKE & HESS**

By: *Michael D. Hess*
Michael D. Hess
951 Rohrerstown Road, Suite 102
Lancaster, Pennsylvania 17601
Telephone: (717) 391-2911
Facsimile: (717) 391-5808

*Attorneys for Plaintiffs and the Proposed Classes*

5