EXHIBIT "A"

Case 08-21193-ref  Doc 60  Filed 07/27/09  Entered 07/27/09 16:15:17  Desc Main
Document      Page 1 of 3

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: GERALD A. BENDER and : Case No. 08-21193REF
PATRICIA BENDER, : Chapter 13
Debtors :

ORDER

AND NOW, this 27th day of July, 2009, upon my consideration of Debtors'

Objection To Proof Of Claim Of Wachovia Bank, N.A. (Proof Of Claim No. 6), the

Response thereto filed by Wachovia Bank, N.A., and the briefs filed by the parties, and

after hearing held on June 30, 2009,

IT IS HEREBY ORDERED that Debtors' Objection is OVERRULED IN

PART AND SUSTAINED IN PART.

IT IS FURTHER ORDERED that Debtors' Objection is OVERRULED to

the extent that it seeks to challenge the propriety of the various fees and costs specifically

awarded to Wachovia by the Berks County Court of Common Pleas in the Order dated

May 8, 2008, entered in the foreclosure action filed by Wachovia against Debtors

captioned to Wachovia Bank, N.A. v. Bender, No. 07-6730,[1] because I find that the

---

[1] This case differs significantly from the cases relied upon by Debtors because the Berks County Court of Common Pleas' May 8, 2008 Order specifically awarded the various fees and costs to Wachovia that Debtors now ask that I review and overturn. For me to do so would constitute a collateral attack on the state court's Order and would require that I review and reverse that Order. Such action is clearly prohibited by the Rooker-Feldman doctrine. See Kaliner v. Mortgage Electronic Registration Systems, Inc. (In re Reagoso), Adv. No. 07-0047, Bankr. No. 06-12961(JKF), 2007 WL 1655376, at **3 (Bankr. E.D. Pa. June 6, 2007); Stuart v. Decision One Mortgage Co., LLC (In re Stuart), 367 B.R. 541, 552-53 (Bankr. E.D. Pa. 2007).

Rooker-Feldman doctrine bars me from exercising jurisdiction over Debtors' attempt to challenge the Berks County Court of Common Pleas' decision.[2] See Stuart v. Decision One Mortgage Co., LLC (In re Stuart), 367 B.R. 541, 552-53 (Bankr. E.D. Pa. 2007)("Insofar as the Plaintiffs' action in this court would require a determination that their liability on the mortgage differs from (i.e., is less than) the amount of the state court foreclosure judgment, I conclude that such relief is precluded by Rooker-Feldman. A determination by this court that the bankruptcy claim is less than the amount determined by the state court would 'undo the effect of the state court judgment' no less than a federal court determination that the mortgage is void. . . . Thus, I conclude that the bankruptcy court lacks jurisdiction to grant these remedies . . .."(footnotes omitted)); see also Kaliner v. Mortgage Electronic Registration Systems, Inc. (In re Reagoso), Adv. No. 07-0047, Bankr. No. 06-12961(JKF), 2007 WL 1655376, at *3 (Bankr. E.D. Pa. June 6, 2007)("Count II of the Complaint, however, must be dismissed for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine because it asks the Court to revise the Debtor's mortgage due to an alleged violation of RESPA and thus essentially seeks review of a key element of the state court judgment. . . . The Plaintiff cannot seek to change the terms of the mortgage in federal court without collaterally attacking the state court judgment which was dependent on the existence of the prior valid mortgage document.

---

[2] The Rooker-Feldman doctrine is jurisdictional in nature and cannot be waived. I must therefore sua sponte consider its impact on my jurisdiction to hear this dispute even if the doctrine is not raised by any of the parties. Stuart v. Decision One Mortgage Co., LLC (In re Stuart), 367 B.R. 541, 547 (Bankr. E.D. Pa. 2007).

Such an alteration would be tantamount to this Court altering a state court judgment and would be a violation of the Rooker-Feldman doctrine.").

IT IS FURTHER ORDERED that Debtors' Objection is SUSTAINED to the extent that it challenges "the $10.51 BPO/Property Preservation fee[3] and the approximately $1,400 expenditure from payment of the sheriff's deposit after credit is given for the refund" (footnote added), because Wachovia concedes that these items may be stricken from its proof of claim. See Memorandum of Law in Opposition to Debtors' Objection To Proof Of Claim filed by Wachovia on June 26, 2009 (docket entry 56), at pp. 1 and 4.

IT IS FURTHER ORDERED that Wachovia shall file an amended proof of claim that comports with this Order within fourteen (14) days of the date of this Order.

IT IS FURTHER ORDERED that the hearing presently scheduled to be held on August 24, 2009 at 9:30 a.m. on Debtor's Objection is hereby canceled as unnecessary in light of the decision rendered by me in this Order.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

---

[3]Wachovia concedes that this fee was not included in the May 8, 2008 Order entered by the Berks County Court of Common Pleas. See Memorandum of Law in Opposition to Debtors' Objection To Proof Of Claim filed by Wachovia on June 26, 2009 (docket entry 56), at pp.1, 4.