# EXHIBIT "C"

IN THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| GMAC MORTGAGE, LLC,<br>Plaintiff | : | |
| vs. | : | E.X. No. 2008-210 |
| | : | A.D. No. 2007-1392 |
| MARTHA POSEY, ANGEL BROWN,<br>DAN BROWN and OCCUPANTS OF<br>4834 Livingston Road<br>Jamestown, PA 16134<br>Defendants | : | |

| | | |
|---|---|---|
| SAXON MORTGAGE SERVICES, INC.<br>Plaintiff | : | |
| vs. | : | E.X. No. 2009-118 |
| | : | A.D. No. 2009-487 |
| MARTHA POSEY, ANGEL BROWN,<br>DAN BROWN and OCCUPANTS OF<br>4834 Livingston Road<br>Jamestown, PA 16134<br>Defendants | : | |

*Lavern R. Tabas*, Esquire, for Plaintiff
*Autumn L. Johnson*, Esquire, for Defendants Angel Brown and Dan Brown
*Fred W. Freitag*, Esquire, for Defendant Martha Posey

MEMORANDUM AND ORDER

Anthony J. Vardaro, P.J.                                                                 October 7, 2009

      The actions captioned above arise out of an allegedly defaulted mortgage on a certain residence at 4834 Livingston Road in Jamestown, PA. Plaintiff filed an action in mortgage foreclosure in August of 2007. Then counsel for all Defendants, Mr. Freitag, filed an Answer on all Defendants' behalf. A motion for summary judgment was filed in December of 2007. We

1

granted the motion in favor of Plaintiff in January 2008, noting that Defendants had failed to respond to the motion, and that alone was grounds for judgment against them. The property was sold at Sheriff's Sale December 5, 2008. The deed was recorded January 13, 2009.

Defendants now come seeking to have the judgment in foreclosure stricken on its face because it is allegedly fatally flawed as having been granted in the absence of subject matter jurisdiction. They further seek to have the sale of the property set aside. In addition, Defendants have filed a Motion for Reconsideration of Order Granting Default Judgment in the Action in Ejectment brought by Saxon Mortgage Services and they further seek a Stay of Execution. They say that because the assignment to GMAC wasn't through until after the complaint in foreclosure was filed, that GMAC was not a real party in interest at the time the complaint in foreclosure was filed, and this court therefore had no jurisdiction to grant judgment. Accordingly, both the judgment in foreclosure and the corresponding judgment in possession are void, they believe. They cite many out of state cases to this effect, but no Pennsylvania cases.

We believe, however, that the question of whether one is a real party in interest is a matter of standing to sue and not jurisdiction. *Moffatt v. Baird Funderal Home Inc.*, 69 Pa.D&C4th 532 (2004) citing *In re Adoption of W.C.K.* 748 A.2d 223 (Pa.Super. 2000); *Grom v. Burgoon*, 672 A.2d 823 (Pa.Super. 1996) (standing only becomes interwoven with subject matter jurisdiction [necessary before court may raise issue of standing of its own accord] when a statute creates the cause of action and designates who may sue).

The question of standing is distinct from that of subject matter jurisdiction. *Society Hill Civic Ass'n v. Pennsylvania Gaming Control Bd*, 593 Pa. 1, 7, 28 A.2d 175, 178 (2007), citing *Payne v. Commonwealth of Pennsylvania*, 582 Pa. 375, 871 A.2d 795, 795 n. 5 (2005). The Supreme Court has never adopted the reasoning regarding standing intertwined with subject

2

matter jurisdiction espoused in *Beverly Healthcare-Murrysville.*[1] To the contrary, they have specifically renounced it. *See, In re Nomination Petition of deYoung*, 588 Pa. 194, 201, 903 A.2d 1164, 1168 (2006) fn5.

Subject matter jurisdiction concerns "the competency of the court to determine controversies of the general class to which the case presented for its consideration belongs....Whether a party has standing to maintain an action is not a jurisdictional question." *Lukes v. Department of Public Welfare*, 976 A.2d 609, 615 (Pa.Cmwlth. 2009) (citations omitted).

Moreover, a court is prohibited from raising the issue of standing *sua sponte*. *In re Nomination Petition of deYoung*, 588 Pa. 194, 201, 903 A.2d 1164, 1168 (2006). Rather, a Preliminary Objection raising a lack of capacity to sue is foreseen in the Rules. Pa.R.Civ.P. 1028(a)(5); *Washington Mutual Bank FA v. Carr*, 77 Pa.D&C4th 136, 139 (Adams County 2006) (Preliminary objections raising lack of capacity to sue was granted where complaint showed no assignment or relationship between plaintiff institution and original mortgagee). And lack of capacity to sue can be waived if not raised in a responsive pleading. Pa.R.Civ.P. 1032(a).

Since there was no 1028(a)(5) preliminary objection raised by Defendants, nor was there any mention of lack of capacity to sue in any responsive pleading Defendants filed, we must conclude they have waived the issue.

A motion to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. *U.S. Bank N.A. v. Mallory*, 2009 WL 2915680, *4, 2009 PA Super 182, *citing Cintas Corp. v. Lee's Cleaning Services*, 549 Pa. 84, 89-90, 700 A.2d. 915, 197 (1997). In U.S. Bank N.A., the Plaintiff averred:

---

[1] *Beverly Healthcare-Murrysville v. Department of Public Welfare*, 828 A.2d 491 (Pa.Cmwlth. 2003) (standing can be raised by the Court *sua sponte* if it is intertwined with subject matter jurisdiction).

3

Plaintiff is now the legal owner of the mortgage and is in the process of formalizing an assignment of same. The mortgage and assignment(s), if any, are matters of public record and are incorporated herein by reference in accordance with Pa.R.C.P. 1019(g); which Rule relieves the Plaintiff from its obligations to attach documents to pleadings if those documents are of public record.
2009 WL 2915680, p. *4.

The Court looked at whether those averments, when combined with the subsequent written execution and recording of the assignment, resulted in a "fatal defect" apparent on the record such that the default judgment should have been stricken. It found they did not.

Accordingly, the nearly identical allegations and post-complaint filings in the instant matter do not present a fatal defect on the record requiring us to strike the judgment in foreclosure. That being the case, there is no reason to set aside the sale of the subject property. It also follows, then, that the default judgment in ejectment is neither defective nor void. We note further that a motion to reconsider a default judgment in an action in ejectment is not a proper way to open a judgment. There is no option for this court to make a determination whether to open a judgment based on equitable considerations (e.g. residents have no other financial resources and will be homeless if evicted).

4

ORDER

AND NOW, October 7, 2009, Defendants' Motion to Set Aside Sale of Defendants' Residential Property and To Strike Summary Judgment and Motion for Reconsideration of Order Granting Default Judgment in Ejectment and Application for Stay of Execution are denied.

BY THE COURT

Anthony J. Vardaro, P.J.