EXHIBIT "D"

S:\Admin\Pre-Trial\Opinion\US Bank v. Brown 07-11196.doc

U.S. BANK NATIONAL ASSOCIATION, AS : IN THE COURT OF COMMON PLEAS
TRUSTEE FOR WFMBS 2006-008

                         : CHESTER COUNTY, PENNSYLVANIA

        vs.

                         : CIVIL ACTION – LAW

JAMES BROWN, JR. and CHRISTINE
BROWN                        : NO. 2007-11196-CO 

Keri P. Claeys, Esquire and Martha E. Von Rosenstiel, Esquire, Attorneys for Plaintiff.
Michael G. Louis, Esquire and Juan P. Sánchez, Esquire, Attorneys for Defendants.

## OPINION

Defendants appeal from our Order dated October 17, 2008 granting Plaintiff's

Motion for Summary Judgment.   We submit this Opinion in accordance with Pa.R.A.P.

1925(a).

## PROCEDURAL HISTORY

On or about April 24, 2006 Defendants executed a mortgage in the principal

amount of 750,000 to Wells Fargo Bank, N.A. (Wells Fargo) which secured the premises

located at 132 Magnolia Drive, Phoenixville, PA (the mortgaged premises).  In its Complaint in

Mortgage Foreclosure, which was filed on or about November 20, 2007, Plaintiff avers that it is

the assignee of that mortgage.  It further alleges that Defendants defaulted by failing to make

the required payments under the mortgage for the month of April, 2007 and each month

thereafter.  Defendants filed an Answer and New Matter on or about December 24, 2007.

Plaintiff replied to Defendants' New Matter on or about January 14, 2008.  Plaintiff filed its

Motion for Summary Judgment on or about August 25, 2008 to which Defendants responded

on or about September 25, 2008.   Our Order granting Plaintiff's Motion for Summary

Judgment, which is the subject of the instant appeal, was entered on October 17, 2008.

Defendants timely filed their Notice of Appeal on November 14, 2008.

## DISCUSSION

Defendants have raised six issues on appeal which, for ease of discussion, we will take slightly out of order. Defendants assert that we erred in determining that Plaintiff was a party in interest or had standing to file the instant action. Pursuant to Pa. R.C.P. 2002, all actions shall be prosecuted by and in the name of the real party in interest. A "real party in interest" is the person who has the power to discharge the claim upon which suit is brought and to control the prosecution of the action. Clark v Cambria County Bd. of Assessment Appeals, 747 A.2d 1242 (Pa. Cmwlth. 2000), *appeal den.*, 798 A.2d 1292. As stated above, the original mortgagee was Wells Fargo. On December 14, 2007 Wells Fargo assigned Defendants' Mortgage to Plaintiff. The Assignment was recorded with the Chester County Recorder of Deeds on January 3, 2008 at Book No. 7339, Page No. 330.

Defendants further argue that we erred in determining that Plaintiff complied with 35 Pa.C.S.A. §1680.403c when they received numerous Act 91 Notices, the first being only nine days after the alleged default. Pursuant to 35 Pa.C.S.A. §1680.403c(a), the Act 91 Notice is required prior to commencement of a foreclosure action and shall be sent when the mortgagor is at least sixty (60) days delinquent in payments. Our courts have further held that the purpose of the Act 91 Notice is to instruct the mortgagor of different means to resolve his arrearages in order to avoid foreclosure. Fish v. Pennsylvania Housing Finance Agency, 931 A.2d 764 (Pa. Cmwlth. 2007). The Act 91 Notice attached to the Complaint was dated more

S:\Admin\Pre-Trial\Opinion\US Bank v Brown 07 11196.doc

than sixty (60) days after the alleged default. There appears to be no case law to support the proposition that a premature Act 91 Notice renders a subsequent timely Notice invalid.

Defendants' third and sixth issues on appeal concern an alleged offer and acceptance of a loan modification agreement. Defendants assert that they had several discussions and exchanged correspondence with Wells Fargo regarding the possibility of a loan modification. Based on these contacts, Defendants assert that the mortgage was, in fact, modified and Wells Fargo's failure to abide by that modification entitles Defendants to raise counterclaims against Plaintiff for violation of the Unfair Debt Collection Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

We initially note that Defendants' Answer and New Matter to Plaintiff's Complaint did not raise such counterclaims. Instead, in their Answer to Plaintiff's Motion for Summary Judgment, Defendants averred that they "will seek leave of this Honorable Court to Amend their Answer and New Matter to include their counter-claim . . ." No such Motion to Amend was ever filed.

In addition, these allegations are against Wells Fargo, not Plaintiff. See; WM Specialty Mortgage LLC v. Shuttleworth, 82 Pa. D. & C. 4th 129 (2007), *citing*, Chrysler First Business Credit Corp. v. Gourniak, 411 Pa. Super. 257, 601 A.2d 338 (1992); Cunningham v. McWilliams, 714 A.2d 1054 (Pa. Super. 1998). Finally, pursuant to Pa. R.C.P. 1148, the only counterclaims available in a mortgage foreclosure action are those which arise from the same transaction or series of transactions from which the Plaintiff's cause of action arose. Our Courts have interpreted this rule to mean that counterclaims are permitted only if they were part of or instant to the creation of the mortgage relationship itself. Cunningham v. McWilliams, 714 A.2d 1054 (Pa. Super. 1998), *appeal den.*, 734 A.2d 861; Chrysler First

Business Credit Corp. v. Gourniak, 411 Pa. Super. 259, 601 A.2d 338 (1992). In addition, a counterclaim based on actions which occurred after the parties were in default of the mortgage is improper. Mellon Bank, N.A. v. Joseph, 267 Pa. Super. 307, 406 A.2d 1055 (1979).

The remaining two issues on appeal state generally that: (1) we erred in granting Plaintiff's Motion for Summary Judgment; and (2) we erred in determining that there were no genuine issues of material fact. Based on the above discussion, we believe we have addressed these two issues.

BY THE COURT:

THOMAS G. GAVIN                    J.

14 Jan 2009
Date

-4-

J. A19041/09

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for WFMBS 2006-008 | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| v. | : | |
| | : | |
| JAMES BROWN, JR. and CHRISTINE BROWN, | : | |
| | : | |
| Appellants | : | No. 3351 EDA 2008 |

Appeal from the Order entered October 17, 2008
In the Court of Common Pleas of Chester County
Civil at No(s): No. 0711196

BEFORE:   BOWES, PANELLA and FITZGERALD\*, JJ.

MEMORANDUM:                                    **FILED SEPTEMBER 9, 2009**

Appellants, James Brown, Jr. and Christine Brown ("Homeowners"), appeal from the order entered on October 17, 2008, by the Honorable Thomas G. Gavin, Court of Common Pleas of Chester County, which granted Appellee's, U.S. Bank National Association, as Trustee for WFMBS 2006-08 ("U.S. Bank") motion for summary judgment and entered an *in rem* judgment in favor of U.S Bank, and against Homeowners in the amount of $811,976.63, with interest from July 18, 2008 at the rate of $129.75 per diem plus other costs and charges collectible under the mortgage and for foreclosure and sale of the mortgaged premises. After careful review, we affirm.

---

\* Former Justice specially assigned to the Supreme Court.

J. A19041/09

The trial court set forth the following recitation of the facts and procedural history that lead up to this appeal:

> On or about April 24, 2006 Defendants executed a mortgage in the principal amount of 750,000 to Wells Fargo Bank, N.A. (Wells Fargo) which secured the premises located at 132 Magnolia Drive, Phoenixville, PA (the mortgaged premises). In its Complaint in Mortgage Foreclosure, which was filed on or about November 20, 2007, Plaintiff avers that it is the assignee of that mortgage. It further alleges that Defendants defaulted by failing to make the required payments under the mortgage for the month of April, 2007 and each month thereafter. Defendants filed an Answer and New Matte on or about December 24, 2007. Plaintiff replied to Defendants' New Matter on or about January 14, 2008. Plaintiff filed its Motion for Summary Judgment on or about August 25, 2008 to which Defendants responded on or about September 25, 2008. Our Order granting Plaintiff's Motion for Summary Judgment, which is the subject of the instant appeal, was entered on October 17, 2008. Defendants timely filed their Notice of Appeal on November 14, 2008.

Trial Court Opinion, 1/14/09, at 1-2.

On appeal, Homeowners raise the following issues for our review:

A. WHETHER THE TRIAL COURT ERRED BY FAILING TO DENY APPELLEE, U.S. BANK'S MOTION FOR SUMMARY JUDGMENT BEAUSE APPELLANTS, HOMEOWNERS, HAVE RAISED GENUINE ISSUES OF MATERIAL FACT IN DEFENSE OF THE FORECLOSURE COMPLAINT.

B. WHETHER THE TRIAL CORT ERRED BY DETERMING THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER AN ACCORD AND SATISFACTION WAS REACH WHEN HOMEOWNERS ACCEPTED AND MADE PAYMENTS TOWARD A LOAN MODIFICATION OFFER BY MORTGAGEE WELLS FARGO WHICH WAS

- 2 -

J. A19041/09

ACCEPTED BY WELLS FARGO WHEN THE PAYMENTS WERE NOT RETURNED TO HOMEOWNERS.

C. WHETHER THE TRIAL COURT ERRED BY DETERMINING U.S. BANK WAS A PARTY IN INTEREST OR HAD STANDING TO FILE THE COMPLAINT IN MORTGAGE FORECLOSURE ON NOVEMBER 20, 2007 AT WHICH TIME U.S. BANK ALLEGED THAT THE MORTGAGE WAS ALREADY ASSIGNED TO IT EVEN THOUGH ATTACHED TO IT'S MOTION FOR SUMMARY JUDGMENT WAS AN UNRECORDED ASSIGNMENT OF MORTGAGE DATED DECEMBER 14, 2007 FROM WELLS FARGO, N.A. TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WFMBS 2006-008 PREPARED BY U.S. BANK'S COUNSEL.

D. WHETHER THE TRIAL COURT ERRED BY DETERMIMNING U.S. BANK DID NOT VIOLATE 35 P.S. § 1680.403C ("ACT 91"), WHEN HOMEOWNERS RECEIVED NUMEROUS ACT 91 NOTICES, THE FIRST BEING ONLY NINE (9) DAYS AFTER HOMEOWNERS' ADMITTED DATE OF DEFAULT, WHICH VIOLATED THE ACT 91 REQUIREMENT THAT A MORTGAGOR SHALL BE AT LEAST SIXTY (60) CONTRACTUALLY DELINQUENT IN HIS MORTGAGE PAYMENTS BEFORE SUCH NOTICE IS SENT.

E. WHETHER THE TRIAL COURT ERRED BY HOLDING HOMEOWNERS COULD NOT ASSERT A COUNTERCLAIM AGAINST U.S. BANK ALLEGING VIOLATIONS OF THE UNFAIR DEBT COLLECTION ACT AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW.

Appellant's Brief, at 6-7.

Our standard of review in cases of summary judgment is well settled. Our scope of review of a trial court's order granting or denying summary judgment is plenary. *O'Donoghue v. Laurel Savings Ass'n*, 556 Pa. 349,

- 3 -

J. A19041/09

728 A.2d 914, 916 (1999). This court will only reverse the trial court's entry of summary judgment where there was an abuse of discretion or an error of law. *Merriweather v. Philadelphia Newspapers, Inc.*, 684 A.2d 137, 140 (Pa. Super. 1996). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2, 42 Pa.C.S.A.

In determining whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. *Id.* Summary judgment may only be granted in cases where it is clear and free from doubt the moving party is entitled to judgment as a matter of law. *Id.* The trial court's order will be reversed where it is established that the court committed an error of law or abused its discretion. *Cochran v. GAF Corp.*, 542 Pa. 210, 666 A.2d 245, 248 (1995).

In a mortgage foreclosure action, summary judgment is properly granted where "the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998) (citation omitted). " This is so even if the mortgagors have not admitted the total amount of the indebtedness in their

- 4 -

J. A19041/09

pleadings." *Id.* This Court has further explained that "[i]n an action on a note or bond secured by a mortgage, a plaintiff presents a *prima facie* case by showing 'the execution and delivery of the [note] and its nonpayment....'" **Corestates Bank, N.A. v. Cutillo**, 723 A.2d 1053, 1056 (Pa. Super. 1999) (citation omitted).

After a thorough review of the certified record and the briefs of the parties' we find that the trial court ably and methodically reviewed the evidence presented by U.S. Bank with respect to their action in mortgage foreclosure against Homeowners. In its succinct and well-written opinion, the trial court adequately addressed all of the issues Homeowners raised herein on appeal. We are in agreement with the trial court that summary judgment was proper in the case *sub judice*, given that: the mortgage note was properly assigned to U.S. Bank from Wells Fargo, Homeowners were sufficiently placed on notice in accordance with Act 91, and Homeowners failed to remedy the default on the mortgage. As such, we affirm on the basis of Judge Gavin's opinion filed on January 14, 2009. **See** Trial Court Opinion 1/14/09.

Order affirmed. Jurisdiction relinquished.

- 5 -

J. A19041/09

Judgment Entered.

Prothonotary

Date:_____