IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS A. RHODES; GERALD A. BENDER; and, EDWARD H. WOLFERD, JR., individually and on behalf of all others similarly situated<br>    Plaintiffs,<br><br>v.<br><br>ROSEMARY DIAMOND; FRANCIS S. HALLINAN; DANIEL G. SCHMIEG; LAWRENCE T. PHELAN; JUDITH T. ROMANO; FRANCIS FEDERMAN; THOMAS M. FEDERMAN; PHELAN HALLINAN & SCHMIEG, LLP; FEDERMAN & PHELAN, LLP<br>    Defendants. | :<br>:<br>:<br>:<br>: CIVIL NO. 09-1302<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**Jones, J.**                                                                                         **July 14, 2010**

**I.    Introduction**

Plaintiffs in the above-captioned matter are homeowners who defaulted on their mortgages and subsequently filed Petitions for relief under Chapter 13 of the Bankruptcy Code. Defendants herein are individual attorneys and their law firms, who represent the lenders and are accused of filing inflated Proofs of Claims in Bankruptcy Court. Plaintiffs allege that said Proofs of Claims did not reflect refunds of fees paid for Sheriff's Sales on the foreclosed properties that were postponed by reason of the bankruptcy filings. As such, Plaintiffs - individually and on behalf of all others similarly situated - have filed a Complaint in this court, asserting violations of

1

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270 *et seq.*; (3) Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201 *et seq.*; and, (4) common law claims of Tortious Interference with Contractual Relations.

In response to said Complaint, Defendants have filed the instant Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6)(Doc. No. 2), asserting in pertinent part that any issues Plaintiffs may have with the Proofs of Claims that were filed, are issues that must be pursued in Bankruptcy Court by means of Objections to said Proofs, or Motions for Sanctions. Plaintiffs oppose said Motion (Doc. No. 3), maintaining that they have pled sufficient facts to sustain their cause of action in this court.[1] For the reasons set forth hereinbelow, Defendants' Motion will be granted.

## II.     Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citing

---

[1] Leave was also granted for Defendants to file a Reply Brief (Doc. No. 5). Additionally, on June 9, 2010, Plaintiffs provided this Court with a Notice of Consent Judgment and Order filed on June 7, 2010 in the matter of *Federal Trade Commission v. Countrywide Home Loans, Inc.,* No. 10-4193(C.D. Cal. June 7, 2010) (Doc. No. 12) and pursuant to Order of this Court, Defendants filed a Supplemental Memorandum of Law in Response (Doc. No. 14).

*Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id. Accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the - defendant - unlawfully - harmed - me accusation.") (internal quotation omitted).

Although Plaintiffs herein have provided this Court with an extensive dissertation regarding their perceived victimization of mortgagees throughout the economic downturn of the past several years, their allegations cannot entitle them to relief in this court.

### III. Discussion

As Defendants properly point out in their Motion to Dismiss, creditors are only required to file a Proof of Claim which states the amount owed "as of the date of the filing of the petition." (Defs. Mot. Dismiss 8-11, *citing* 11 U.S.C. § 501(b).) Plaintiffs do not dispute this statement of bankruptcy law. (Pls. Opp'n Mem. 12.) Plaintiffs' Complaint fails to allege that Defendants did not file the Proofs of Claims using totals known as of the date of the filing of the petition - which included initial Sheriff's fees - or that pertinent bankruptcy law *required* Defendants to amend the Proofs of Claims. Instead, Plaintiffs claim in pertinent part that Defendants' failure to timely amend the Proofs in accordance with a representation that they would do so, was unlawful and entitles Plaintiffs to relief. (Pls. Compl. ¶¶59-60.) Despite Plaintiffs' arguments to the contrary, it is this failure to promptly amend that forms the basis for all of their claims.

Plaintiffs expend much time and energy focusing not only their Complaint, but their Opposition to Defendants' Motion to Dismiss, on the premise that homeowners all over the country are being victimized by attorneys such as Defendants, in a systematic scheme to overcharge debts in bankruptcy proceedings.[2] However, Plaintiffs fail to provide any legal basis for the one critical component necessary to sustain the particular claims alleged in their Complaint: the existence of a duty to amend a Proof of Claim. Although Plaintiffs note that discovery would be helpful regarding the merits of their claims, discovery cannot provide a duty that does not exist by law. Plaintiffs argue that the authority cited in support of Defendants' contention that no such duty exists is inapposite to the case at bar, inasmuch as it involves post-petition payments by a debtor, as opposed to a creditor's claim for debt incurred pre-petition.

---

[2] Plaintiffs cite to the case of *Heintz v. Jenkins,* 514 U.S. 291, 299 (1995) for the proposition that the Fair Debt Collection Practices Act "applies to attorneys who 'regularly' engage in consumer-debt collection activity." (Pls. Compl. ¶63.) The *Heintz* case dealt with the nature of specific written communications by counsel engaged in debt collections and was subsequently superseded to the following extent:

> In *Heintz v. Jenkins*, the U.S. Supreme Court held that the term "debt collector" within the FDCPA applies to lawyers who regularly collect consumer debts through litigation. One year later, Congress amended FDCPA § 1692e(11) to provide protection to attorneys by exempting any "formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11), as amended Pub. L. 104-208, § 2305(a), 110 Stat. 3009, 3009-425 (1996). Upon amendment, the FDCPA now states: The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action (emphasis added).

*Azzam v. Echehoyen*, 2010 Md. Cir. Ct. LEXIS 2, at **6-7 (Md. Cir. Ct. 2010).

(Pls. Opp'n Mem. 13 n. 12.) However, Plaintiffs provide no authority in support of their claim.

The Bankruptcy Court for the District of Massachusetts has effectively summarized the law regarding amendment of a Proof of Claim as it existed in 2002 and still exists today . . .

> Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure address amendments to proofs of claim. *Clamp-All Corp. v. Foresta* (*In re Clamp-All Corp.*), 235 B.R. 137, 140 (BAP 1st Cir. 1999), citing 9 Lawrence P. King, et al., Collier on Bankruptcy P 3001.01[1] (15th ed. rev. 1999). Prior to the bar date, amendments to filed proofs of claim are permissible. *Id*. Amendments to timely filed defective proofs of claim may be made after the bar date has expired. *Hutchinson v. Otis, Wilcox & Co.*, 190 U.S. 552, 47 L. Ed. 1179, 23 S. Ct. 778 (1903); *In re Stylerite, Inc.*, 120 F. Supp. 485 (D.N.H. 1954). However, post-bar date amendments should not be allowed if it is in actuality a new claim against the estate. *In re Clamp-All Corp.*, 235 B.R. at 140, citing *In re Int'l Horizons*, 751 F.2d 1213, 1216 (11th Cir. 1985).

*In re Callery*, 274 B.R. 51, 56 (Bankr. D. Mass. 2002).

Amendment of a Proof of Claim is not mandatory, therefore Defendants' failure to do so - timely or otherwise - cannot constitute a basis for wrongdoing that would afford Plaintiffs relief under the FDCRA or any of the other statutory/common law provisions[3] they contend Defendants have violated. Plaintiffs had an opportunity to object to the disputed Proofs of Claims and their assertion that doing so would impose an undue burden on them that the filing and litigation of the instant lawsuit would not, is unfounded.

Even in the event Plaintiffs did not wish to utilize the objection procedure, other options existed within the appropriate jurisdiction of the Bankruptcy Court which could have served to remedy their allegations of "inflated" Proofs of Claims. In fact, one such option was discussed in a decision issued by the United States Bankruptcy Court for the Middle District of Pennsylvania,

---

[3] Plaintiffs' note that "Defendants recognize the interdependence of Plaintiffs' state law claims with Plaintiffs' claims under the FDCPA." (Pls. Opp'n Mem. 14 n.14.)

5

which Plaintiffs submitted to this Court on March 22, 2010 when they filed a Notice of Relevant Authority (Doc. No. 11). Similar to the case at bar, *In re: Hannon,* No. 06-51870 (Bankr. M.D. Pa. Dec. 18, 2009) involved allegations of an allegedly inflated Proof of Claim which had not been timely amended to reflect a refund of Sheriff's refunds. Said debtor sought sanctions against the mortgagee pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure. Accordingly, the Bankruptcy Court issued a Rule to Show Cause upon the mortgagee and noted that in the event Rule 9011 . . .

> . . . [i]s not "up to the task" of providing sufficient authority to compel a claimant to keep their Proofs of Claim updated so as to allow the Trustee, or Debtor-in-Possession, to fairly allocate distributions to those filing proofs . . . [Section] 105(a) provides the judicial authority to compel a claimant to timely amend a claim that ought, in good conscience, be reduced because of circumstances such as the refund at hand."[4]

*Hannon* at 9.

In this instant matter, Plaintiffs' inclusion of claims under the FDCPA, FCEUA, UTPCPL, and for Tortious Interference with Contractual Relations, cannot serve to convert this bankruptcy matter into one that would be proper before this Court:

> One of the fundamental purposes of the bankruptcy system is to adjudicate and conciliate all competing claims to a debtor's property in one forum. *Gray-Mapp v. Sherman*, 100 F.Supp. 2d 810, 813 (N.D. Ill. 1999); *Holloway v. Household Automotive Finance Corp.*, 227 B.R. 501, 507-08 (N.D. Ill. 1998); *Brandt v.*

---

[4] Section 105(a) reads as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.S. §105(a).

*Swisstronics, Inc.*, 135 B.R. 707, 708 (Bankr. D. Me. 1992).

> We agree with the numerous courts that have concluded that, once a debtor is in bankruptcy court, the debtor's remedies to attack an allegedly inflated proof of claim are limited to those provided for in the Bankruptcy Code. *Baldwin*, 1999 U.S. Dist. LEXIS 6933, 1999 WL 284788 at 4; *Gray-Mapp*, 100 F.Supp. 2d at 813-14; *Holloway*, 227 B.R. at 507-08; *In re Sims*, 278 B.R. 457 (Bankr. E.D. Tenn. 2002); *In re Cooper*, 253 B.R. 286 (Bankr. N.D. Fla. 2000). Accordingly, we find that the within Complaint seeking damages under the FDCPA and Consumer Protection Law must be dismissed.

*In re: Abramson,* 313 B.R. 195, at ** 6-7 (U.S. Bankr. Ct., W. Dist. Pa. 2004).[5] *See also,*

*Angulo v. Emigrant Mortg. Co.,* 2010 Bankr. LEXIS 1402, at **30-32 (Bankr. E.D. Pa. Apr. 23,

---

[5] In support of their Motion to Dismiss, Defendants have relied in part on the holding set forth in *Williams v. Asset Acceptance, LLC (In re Williams)*, 392 B.R. 882 (Bankr. M.D. Fla. 2008), which provided another insightful analysis regarding disputed Proofs of Claims:

> [T]he facts of this case can be distinguished from cases involving the applicability of the FDCPA to violations of the automatic stay and dischargeability issues. In the cases of *Turner*, *Hyman*, and *Randolph*, the collection agencies sent letters that violated both the Bankruptcy Code and the FDCPA. Here, Asset did not engage in any wrongful conduct by filing a proof of claim. To hold otherwise would undermine the rights of creditors in the bankruptcy process. The creditor's right to file a claim is not impacted by whether the statute of limitations had run, as the debtor must raise the statute of limitations issue as an affirmative defense, and even then the court still must determine whether it has tolled and run. ***The debtor does not need the FDCPA to protect itself from improper claims, as the Bankruptcy Code allows the debtor to file an objection. If this Court was to apply the FDCPA in this instance, debtors would be encouraged to file adversary proceedings instead of simply an objection to the creditor's claim, which is incredibly inefficient and undermines the process provided by the Bankruptcy Code***.
>
> Based on the overwhelming authorities supporting Asset's contentions, that FDCPA claims are precluded by the Bankruptcy Code, this Court is satisfied that Asset's request for dismissal with respect to the claims asserted in Counts I [violation of the FDCPA, 15 U.S.C. § 1692(f)(1)] and II [violation of the FDCPA, 15 U.S.C. § 1692(d)] of the Amended Complaint is well taken and, therefore, should be granted.

*Id.* at 886 (emphasis added).

2010)(recognizing the fact that an "an FDCPA claim 'cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim.'")(internal citation omitted).

Inasmuch as there is no Third Circuit precedent involving exactly the same factual scenario that exists herein, the holdings in *Abramson* and *Williams* provide constructive guidance in this Court's determination that redress for Plaintiffs' allegations of "systematic" violations by Defendants for filing allegedly inflated Proofs of Claims lie solely within the Bankruptcy Court.[6,7]

## IV. Conclusion

For the reasons set forth hereinabove, Plaintiffs' Complaint is hereby dismissed.

An appropriate Order follows.

BY THE COURT:


/s/ C. Darnell Jones, II   J.

---

[6] With specific regard to Plaintiffs' common law claim of Tortious Interference with Contractual Relations (Compl. ¶¶78-82), said claim is essentially based upon the alleged conduct discussed hereinabove: Defendants' purported filing of sworn Proofs of Claims containing "inflated" sums of Sheriff's fees owed. Inasmuch as the amounts provided on the forms were derived from information known at the time of filing and because Defendants did not have a duty to amend said Proofs, there can be no "purposeful action" as required by the doctrine. Accordingly, this claim similarly fails.

[7] As referenced in note 1 hereinabove, this Court has reviewed the Notice of Consent Judgment and Order filed on June 7, 2010 in the matter of *Federal Trade Commission v. Countrywide Home Loans, Inc.,* No. 10-4193(C.D. Cal. June 7, 2010) (Doc. No. 12), as well as the Supplemental Memorandum of Law (Doc. No. 14) filed by Defendants in response to this Court's Order dated June 11, 2010 (Doc. No. 13). Upon doing so, this Court has determined that the contents of said Consent Order and Judgment do not affect the findings set forth herein regarding Defendants' Motion to Dismiss.