**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENNIS A. RHODES, : | |
| GERALD A. BENDER and : | |
| EDWARD H. WOLFERD, JR., : | |
| individually and on behalf of all : | |
| others similarly situated, : | Civil Action No. 09-cv-01302-CDJ |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | JURY TRIAL DEMANDED |
| : | |
| ROSEMARY DIAMOND, FRANCIS S. : | |
| HALLINAN, DANIEL G. SCHMIEG, : | |
| LAWRENCE T. PHELAN, JUDITH T. : | |
| ROMANO, FRANCIS FEDERMAN, : | |
| THOMAS M. FEDERMAN, : | |
| PHELAN HALLINAN & SCHMIEG, LLP, : | |
| and FEDERMAN & PHELAN, LLP, : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO AMEND**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned attorneys, submit this memorandum in support of their Motion for Leave to File Amended Complaint.

## I. INTRODUCTION

On June 2, 2011, the United States Court of Appeals for the Third Circuit issued a mandate in the form of a Judgment vacating and remanding this Court's judgment entered on July 15, 2010. *See Rhodes v. Diamond*, 2011 U.S. App. LEXIS 8813 (3d Cir. April 28, 2011).

In an Opinion accompanying its Judgment, the Third Circuit upheld this Court's determination that the U.S. Bankruptcy Code precludes bankrupt debtors from asserting a cause of action under the Fair Debt Collection Practices Act ("FDCPA") for false and

misleading proofs of claim filed in Bankruptcy Court.[1] However, the Third Circuit also held that this Court did not address broader claims asserted by Plaintiffs in a proposed Amended Complaint submitted to the Court in a Motion for Leave to Amend filed on January 15, 2010.

On July 6, 2011, the Court entered an Order granting Plaintiffs' Motion for Pretrial Conference. The Court scheduled a Rule 16 Conference for August 31, 2011.

Because it is important for the Court, as well as for the current and proposed additional Defendants, to have a precise understanding of the facts and legal claims at issue in this litigation after the Third Circuit's Judgment, Plaintiffs submit for the Court's consideration the proposed Amended Complaint attached as Exhibit 1 to the accompanying Motion for Leave to File Amended Complaint.

## II.  SUMMARY OF PROPOSED AMENDED COMPLAINT

Plaintiffs Charles and Diane Giles, Gerald A. Bender, Sr., Edward W. Wolferd, Jr. and Dennis A. Rhodes ("Representative Homeowners") and members of the proposed Class are residents of Pennsylvania and New Jersey who were defendants in mortgage foreclosure actions prosecuted by the law firm of Phellan Hallinan & Schmieg LLC and Phelan Hallinan & Schmieg P.C. ("Phelan firm") during the period from January 1, 2005 through the present. Included among the actions are those initiated by the Phelan firm at the direction of Bank of America, N.A. (and its affiliates, subsidiaries and predecessors-in-interest, including Countrywide Home Loans, Inc.) (collectively "BofA") and Wells Fargo Bank, N.A. (and its affiliates and subsidiaries) (collectively "WFB").

---

[1] *See Rhodes v. Diamond*, 2010 U.S. Dist. LEXIS 71076 (E.D. Pa. July 14, 2010), *vacated*, 2011 U.S. App. LEXIS 8813, at *2-*5 (3d Cir. April 28, 2011).

The Representative Homeowners allege that the Phelan firm, BofA and WFB engaged in a pattern of institutionalized fraudulent conduct that includes (a) imposition of inflated or fabricated fees for "default management services," including overstated attorneys' fees and cut-rate title searches "performed" by an abstract company owned and controlled by the Phelan firm's equity partners; (b) failure to properly credit Sheriff's deposit refunds to homeowners' mortgage accounts; and (c) preparation, execution and notarization of falsified legal documents and mortgage assignments used to prosecute foreclosure actions in the name of entities without legal standing to sue.[2]

Specific instances of each of these practices, as they affected the Representative Homeowners, are identified in the proposed Amended Complaint ("PAC") at ¶¶ 79-190. These instances include, among others:

- Systematic filing of Complaints and other court documents containing forged signatures of Phelan firm attorneys attesting to untrue statements of fact concerning ownership of mortgages and legal standing to bring foreclosure actions against, among others, Charles and Diane Giles in New Jersey and Gerald A. Bender in Pennsylvania. PAC at ¶¶ 120-137, 151-191. Under the command of WFB, the Phelan firm continued to prosecute its foreclosure action against Mr. Bender *months after* it was informed by a Senior Vice President of Wachovia, N.A. (improperly named as plaintiff in the Phelan firm's actions against Mr. Bender and Mr. and Ms. Giles) that Wachovia was "not the holder of the subject mortgage[s]." PAC at ¶¶ 172-174, 189-191.

- Systematically falsified mortgage assignments, recorded without proper signatures and notarizations, created to manufacture evidence of ownership of mortgages and legal standing to bring foreclosure actions. PAC at ¶¶ 105, 109-110 and n. 45, 121, 125-130, 154, 160-164, 176, 183-185.

- Although the Phelan firm and its controlled entities received approximately $48 million in foreclosure-related fees in 2009 and 2010 from the Federal National Mortgage Association ("Fannie Mae"), a government-sponsored enterprise in which the brother of the principal partner of the Phelan firm acted in the capacity of Fannie Mae's Executive Vice President and Chief Risk

---

[2] With the exception of bankruptcy-related claims under the FDCPA, these allegations correspond to claims asserted in the previously proposed Amended Complaint submitted to the Court on January 15, 2010.

- Officer, the Phelan firm systematically overcharged homeowners for foreclosure legal fees that (a) did not reasonably relate to the amount of work actually performed and (b) exceeded Fannie Mae's own established flat-rate fee for legal work in foreclosure actions. *Compare* PAC ¶¶ 85 and n. 36, 122 and n. 47, 139 and n. 151 with PAC ¶¶ 103, 113-116, 139, 180-182.

- Based on a perception that high "outsource fees," "mandatory costs," and low flat-rate remuneration for foreclosure work were "cutting deep into the firm's profit margins," the Phelan firm's principal partner in 2005 devised a "law firm-title business model" that led to the establishment of a title company affiliate ("fully controlled and managed by the law firm") for the purpose of providing title searches at very low cost, very high speed, and very high profit. PAC ¶¶ 53-54, 320(a) and (d). Through this mechanism, the Phelan firm and its servicer clients, including WFB and BofA, systematically charged the Representative Homeowners and Class members for title "products" that were vastly overpriced and frequently worthless. PAC ¶¶ 99-100, 103, 117, 141-142.

- As in *In re Stewart*, 391 B.R. 327, 345 (Bankr. E.D. La. 2008), WFB and its foreclosure counsel systematically tacked on additional charges to the actual cost of so-called "broker price opinions" ("BPOs"), which represented an undisclosed fee charged to the Representative Homeowners and Class members, disguised as an "illegally imposed" third-party vendor cost. PAC ¶146. The actual cost of BPOs was a fraction of the amounts charged for them by the Phelan firm and its servicer clients. *Compare* PAC ¶¶144-145 and nn. 53-54 with PAC ¶¶ 92-93, 103, 143, 180-182.

- Systematic misappropriation by the Phelan firm and/or its servicer clients of Sheriff's deposit refunds that should have been credited to the accounts of the Representative Homeowners and members of the Class. PAC ¶¶ 84-86, 96, 101, 103, 118-119.

In addition, instances of these improper practices, as they affected other homeowners, are identified in the PAC at ¶¶ 195-231. More instances in which these practices have been denounced by state and federal law enforcement agencies, federal banking regulators and the New Jersey judiciary are identified in the PAC at ¶¶ 239-284.

Plaintiffs and Class members allege that the misconduct of the Phelan firm, BofA and WFB violates the Racketeer Influenced and Corruption Act, 18 U.S.C. §1962(c); the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(e)(2)(A) and (B), 1692f(1), and 1692(g)(2);

Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201 et seq.; and the New Jersey Consumer Fraud Act, N.J.S.A. § 56.8-1 et seq. They also allege that such misconduct gives rise to common law causes of action for breach of contract, breach of a duty of good faith and fair dealing, money had and received, and negligence.

### III.  ARGUMENT

**THE COURT SHOULD GRANT PLAINTIFFS LEAVE
TO FILE THE PROPOSED AMENDED COMPLAINT**

Leave of the court to file amended pleadings must be freely given when justice requires. Fed. R. Civ. P. 15(a). While district courts have discretion in considering Rule 15(a) motions, that discretion is limited by an "amendment philosophy" that is so "liberal" that a "district court may deny leave to amend only if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party" or if the proposed amendment "fails to state a cause of action." *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) (and cases cited therein).

This "strong liberality" has been emphasized by the Third Circuit to ensure that "claim[s] will be decided on the merits rather than on technicalities." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990), *citing*, *Bechtel v. Robinson*, 886 F.2d 644 (3d Cir.1989) and *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir.1981). *See also Hoffmann-La Roche Inc. v. Cobalt Pharmaceuticals, Inc.*, 2010 U.S. Dist. LEXIS 79114, at *5 (D.N.J. Aug. 5, 2010), *quoting*, *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002) ("[a] general presumption exists in favor of allowing a party to amend its pleadings").

As the United States Supreme Court held in *Foman v. Davis*, 371 U.S. 178, 182 (1962):

> Rule 15(a) declares that leave to amend "shall be freely given when justice requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

None of the factors mentioned by the Supreme Court in *Foman* exist here. Pursuant to this Court's Order dated July 6, 2011, formal discovery in this litigation has only just begun. Far from being "dilatory," Plaintiffs have been tireless in their pursuit of facts and legal claims underlying Defendants' schemes to defraud financially distressed homeowners, as evidenced by their prosecution of an appeal of this Court's dismissal of this action to the Third Circuit. Having merely filed one brief after another decrying this lawsuit as an unwarranted assault on its dignity, the Phelan firm is in no way prejudiced by allowance of the proposed amendment, which will not deprive it of a full opportunity to oppose the pleadings and merits of the claims in this action with the full measure of its financial resources and legal skill.

Nor are the claims in the proposed Amended Complaint futile. "Futility" means that an amended complaint would fail to state a claim upon which relief could be granted, an assessment that requires a district court to apply the same standard of legal sufficiency as applies under Rule 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (Alito, J.).

Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile" and "[i]f a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." *Romero v. Allstate Insurance Co.*, 2010 WL 2996963, at *4 (E.D. Pa. July 28, 2010) (Emphasis in original; citations omitted). Before a district court can deny a motion to amend a complaint on futility grounds, it must "determine whether the newly asserted claims 'appear to be sufficiently well grounded in fact or law that it is not a frivolous pursuit.'" *Ndubizu v. Drexel University*, 2009 U.S. Dist. LEXIS 99966, at *10 (E.D. Pa. Oct. 26, 2009), *quoting*, *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468-69 (D. N.J. 1990).

There is nothing frivolous about Plaintiffs' pursuit of this lawsuit. As Plaintiffs have alleged since March 25, 2009 (a year and a half before the foreclosure fraud scandal broke nationally in October 2010), lawyers of the Phelan firm, together with mortgage servicer clients like WFB and BofA, have systematically abused the legal process governing foreclosure actions for their private gain, at the expense of families struggling to keep their homes during the worst economic crisis since the Great Depression. That conclusion is supported, not just by the specific facts identified in the proposed Amended Complaint with respect to the Representative Homeowners (PAC ¶¶ 79-192), but by, *inter alia*, the facts and legal conclusions drawn by responsible government authorities in:

(a)   *Federal Trade Commission v. Countrywide Home Loans, Inc. and BAC Home Loans Servicing, LP*, Civil Action No. Case 2:10-cv-04193-JFW-SS (C.D. Cal. June 7, 2010) (PAC ¶¶ 222-223);

(b) *In the Matter of Residential Mortgage Foreclosure Pleading and Document Irregularities*, Docket No. F-059553-10 (N.J. Super. Ch. Div., Mercer Co.) (PAC ¶¶ 250-268);

(c) *Interagency Review of Foreclosure Policies and Practices*, FEDERAL RESERVE SYSTEM, OFFICE OF THE COMPTROLLER OF THE CURRENCY and OFFICE OF THRIFT SUPERVISION, April 2011 (PAC ¶ 273)

(d) *Report to Congressional Requesters: MORTGAGE FORECLOSURES Documentation Problems Reveal Need for Ongoing Regulatory Oversight*, U.S. GOV'T. ACC'T. OFF., May 2011 (PAC ¶¶ 159 and n.132, 271 and n. 246, 273(b) and n.251, 275(d) and n. 158)

(e) *2010 Report to Congress*, Federal Housing Finance Agency, June 13, 2011 (PAC ¶ 68 and n.28)

(f) Consent Order dated April 13, 2011 in the enforcement action entitled *In the Matter of Wells Fargo & Company, Board of Governors of The Federal Reserve System*, Docket No. 11-025-B-HC (PAC ¶ 277 and nn. 161-164)

(g) Consent Order dated April 13, 2011 in the enforcement action entitled *In the Matter of Bank of America Corporation*, Board of Governors of The Federal Reserve System, Docket No. 11-029-B-HC (PAC ¶ 277 and nn. 161-164)

(h) Consent Order dated March 31, 2011 in the proceeding entitled *In the Matter of Wells Fargo Bank, N.A.*, The Comptroller of the Currency of the United States of America, No. AA-EC-11-19 (PAC ¶ 274-276)

(i) Consent Order dated March 29, 2011 in the proceeding entitled *In the Matter of Bank of America N.A.*, The Comptroller of the Currency of the United States of America, No. AA-EC-11-12 (PAC ¶ 274-276), and

(j) Coordinated multi-state investigation undertaken by Attorneys General of all 50 states and the U.S. Department of Justice (PAC ¶¶ 239-240, 269-270 and n. 146, 283 and n. 170).

The allegations in the proposed Amended Complaint are eminently "plausible," which is the essential characteristic of a pleading that satisfies the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), *citing*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2008); *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008),

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to grant their motion for leave to file the proposed Amended Complaint attached thereto as Exhibit 1.

Dated: August 19, 2011                                    Respectfully submitted,

                                                          **BHN LAW FIRM**

                                                          By:   /s/ John G. Narkin
                                                                 John G. Narkin
                                                                 Michael D. Hess
                                                                 951 Rohrerstown Road, Suite 102
                                                                 Lancaster, Pennsylvania 19601
                                                                 Telephone: (717) 756-0835
                                                                 www.bhn-law.com

                                                               **Attorneys for Plaintiffs and**
                                                               **Members of the Proposed Class**